# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 3:24-cr-0025** |
| v. ) | |
| ) | |
| **JULIO CESAR CONTRERAS BUENO,** ) | |
| **FRANCISCO HERNANDEZ PENALOZA,** ) | |
| **and CHRISTIAN GARAY OCHOA,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the Government's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act, filed on April 25, 2025. (ECF No. 60.) For the reasons stated below, the Court will grant the Government's motion and continue the Jury Selection and Trial in this matter to October 6, 2025. The Court finds that the time beginning from the date of this Order through October 6, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated.

The trial in this matter is currently scheduled for May 5, 2025. (ECF No. 43.) On April 25, 2025, the Government filed the instant motion to continue the trial date. (ECF No. 60.) In its motion, the Government explains that an essential witness, USCG Officer Candidate Fonseca ("OC Fonseca"), will be unavailable to testify on May 5, 2025. *Id.* at 3. The Government contends that OC Fonseca's testimony is critical to its case "because on September 5, 2024, he was one of the USCG members who boarded the vessel on which the defendants and 35 bales of cocaine were encountered. OC Fonseca is a Spanish speaker and communicated in Spanish with the defendants, who only speak Spanish . . . . No other boarding member from the USSG can testify to the statements made by the defendants as they were not the declarants nor understand Spanish at a conversational level." *Id.*

*United States v. Bueno et al.*
Case No. 3:24-cr-0025
Order
Page 2 of 3

The witness is unavailable for trial on May 5 because he is at Officer Candidate School, "a 12-week intensive course offered only twice a year to eligible candidates." *Id.* OC Fonseca reported to the course on April 21, 2025, and is unavailable until after July 10, 2025. *Id.*

Counsel for Garay Ochoa and Hernandez Penaloza do not object to a continuance. *Id.* at 4. Counsel for Contreras Bueno did not express a position because she had not consulted with her client at the time of filing. *Id.* The Government requests a continuance to a date after July 10, and, based on availability of counsel, the Government proposes continuance to a date in October. *Id.* at 4. The Government also requests that the Speedy Trial Act clock be tolled. *Id.*

Ordinarily under the Speedy Trial Act, a defendant must be tried within seventy days from the date of the information or indictment, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. *See* 18 U.S.C. § 3161(c). However, the speedy trial clock may be tolled in a variety of circumstances. The United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue"). Relevant here, the Speedy Trial Act excludes "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness." 18.U.S.C. § 3161(h)(3)(A); *see also Barker v. Wingo*, 407 U.S. 514, 531 (1972) ("[A] valid reason, such as a missing witness, should serve to justify appropriate delay."). The Third Circuit has held "that where a witness is unquestionably important to the prosecution's case, and the government has a good faith belief that it will use that witness's testimony at trial, the district court may treat that witness as 'essential' for Speedy Trial Act purposes." *United States v. Hamilton*, 46 F.3d 271, 276–77 (3d Cir. 1995). Moreover, one of the factors a judge may consider is whether the failure to grant such a continuance in the proceeding "would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." 18 U.S.C. § 3161 (7)(b)(i).

In the instant matter, the proposed testimony of OC Fonseca is clearly crucial to the Government's prosecution of the defendants because he is the only member from the USSG that can testify to the statements made by the defendants when they were encountered with cocaine on the vessel, since he was the only person that could speak Spanish and the Defendants could only speak Spanish. *Id.* at 3. There is no reason to suggest that the government does not have a good faith belief that it will use the witness's testimony at trial.

The Court finds that the ends of justice served by extending this period to allow for the Government's essential witness to testify outweighs the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7). Therefore, the Court will toll the speedy trial clock from the date of this order until the new trial date set for October 6, 2025.

The premises considered, it is hereby

**ORDERED** that the Government's Motion to Continue Trial and Exclude Time Under the Speedy Trial Act, ECF No. 60, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than **September 22, 2025;** it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than **October 2, 2025;**[1] it is further

**ORDERED** that the time beginning from the date of this order granting an extension for trial through October 6, 2025, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for May 5, 2025, is hereby **CONTINUED** to commence promptly at 9:00 a.m. on **October 6, 2025,** in St. Thomas Courtroom 1.

**Dated:** April 30, 2025                    */s/ Robert A. Molloy*
                                              **ROBERT A. MOLLOY**
                                              **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A. The parties are reminded that all exhibits must be presented in electronic format and that hard copies of exhibits will be allowed only upon a showing of extenuating circumstances.